IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.                                              No. 04-cr-40006 JPG

JOHN ANDREW SMILEY,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant John Andrew Smiley's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 141).   The Government has not responded to the defendant's motion.

In April 2005, the defendant pled guilty to one count of conspiracy to manufacture, distribute and possess with intent to distribute 500 grams or more of methamphetamine and one count of possession with intent to distribute approximately 127.7 grams of methamphetamine.   In July 2005, the Court sentenced the defendant to serve a term of imprisonment of 240 months on the conspiracy count and 168 on the possession count, the terms to run concurrently.   According to the Bureau of Prisons' website, Smiley will have served his sentence of incarceration and will be released from custody in June 2015.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.   Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.   The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1, 2015.   *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Here, the Court need not address either criterion. Incarceration is a prerequisite to reduction analysis, and the defendant will be released from prison in June 2015. Since the defendant will have served his entire term of imprisonment by the earliest date any reduction order would become effective, November 1, 2015, any request or finding of reduction would be moot. Accordingly, the Court **DENIES** the defendant's motion for a reduction **as moot** (Doc. 141).

**IT IS SO ORDERED.**
**DATED:   February 24, 2015**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**